FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL S., | No. 2:18-CV-00132-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney Lora Lee Stover represents Paul S. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's motion for summary judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on October 22, 2014, Tr. 201, 209, alleging disability since January 1, 2000, Tr. 315, 324, due to multiple mental health issues, depression, anxiety, posttraumatic stress disorder (PTSD), and a back disorder, Tr.

ORDER GRANTING DEFENDANT'S MOTION - 1

361. The applications were denied initially and upon reconsideration. Tr. 243-50, 253-59. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on August 18, 2016 and heard testimony from Plaintiff, medical expert Stephen Rubin, Ph.D., and vocational expert K. Diane Kramer. Tr. 162-200, 429. At the hearing, Plaintiff amended his alleged date of onset to October 22, 2014 and withdrew his request for a hearing on the DIB application. Tr. 165-66. The ALJ issued an unfavorable decision on October 17, 2016. Tr. 93-105. The Appeals Council denied review on March 9, 2018. Tr. 1-6. The ALJ's October 17, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on April 24, 2014. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 47 years old at the date of application and amended date of onset. Tr. 324. He completed high school and one year of college. Tr. 362, 412. His reported work history includes building cabinets. Tr. 362-63. When applying for benefits Plaintiff reported that he stopped working on January 1, 2000 because of his conditions. Tr. 361-62.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as

being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 17, 2016, the ALJ issued a decision finding Plaintiff was not

1  disabled as defined in the Social Security Act from October 22, 2014 through the
2  date of the decision.
3       At step one, the ALJ found Plaintiff had not engaged in substantial gainful
4  activity since October 22, 2014, the date of application and the amended date of
5  onset. Tr. 95.
6       At step two, the ALJ determined that Plaintiff had the following severe
7  impairments: depression; anxiety-PTSD; substance abuse disorder; diabetes;
8  personality disorder; and shoulder dysfunction. Tr. 95.
9       At step three, the ALJ found that Plaintiff did not have an impairment or
10 combination of impairments that met or medically equaled the severity of one of
11 the listed impairments. Tr. 96.
12      At step four, the ALJ assessed Plaintiff's residual function capacity and
13 determined he could perform light work with the following limitations:

> he can lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for up to 6 hours in an 8-hour workday; sit for 6 hours in an 9-hour workday; he can occasionally reach overhead with right upper extremities; he should avoid exposure to unprotected heights and no more than frequent exposure to moving, dangerous machinery; he can tolerate low-stress work, but avoid task[s] involving dangerous situations; he can perform tasks requiring occasional and routine judgment and normal work decisions; he can maintain attention for 2 hours at a time with normal work breaks; he can perform simple, routine tasks, but no production rate or pace work and no tasks requiring critical concentration; he can tolerate brief, superficial interaction with the public, occasional supervisor contact and occasional interaction with coworkers, but no tandem work.

Tr. 98. The ALJ identified Plaintiff's past relevant work as cabinet assembly laborer and found that he could not perform this past relevant work. Tr. 103.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the

national economy Plaintiff could perform, including the jobs of office cleaner I, II, III, electric assembler, and advertising material distributer. Tr. 104. The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from October 22, 2014, through the date of the ALJ's decision. Tr. 104-05.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider his symptom statements, (2) failing to make a proper residual functional capacity determination, and (3) failing to make a proper step five determination. ECF No. 13 at 9.

## DISCUSSION[1]

### 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that his statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. ECF No. 13 at 11-15.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ supported his decision that Plaintiff's symptom statements were not supported by the record by finding that (1) the statements were not supported by the objective medical evidence, (2) the statements were inconsistent with Plaintiff's reported activities, (3) the statements were inconsistent with the lack of substantiated treating or examining medical source opinion, and (4) the statements were not supported by the minimal and conservative treatment Plaintiff received. Tr. 100-01, 103.

Plaintiff challenged the ALJ's decision by asserting that no providers doubted Plaintiff's veracity. ECF No. 13 at 11-15. However, this failed to address the reasons the ALJ provided for rejecting his statements. By failing to challenge the reasons the ALJ gave for rejecting Plaintiff's symptom statements, Plaintiff essentially waived the argument before this Court. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the

"appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

**2. Residual Functional Capacity**

Plaintiff challenged the ALJ's residual functional capacity determination by challenging his treatment of the medical expert's opinion. ECF No. 9 at 15-17.

At the August 18, 2016 hearing, Stephen Rubin, Ph.D. testified that Plaintiff had "depressive disorder, probably mild to moderate," "an anxiety disorder, at least moderate," "a personality disorder and certain characteristics which make it difficult for him to interact with others," and "in the past, he's had a drug problem which he says now he's been clean and sober for about seven years." Tr. 185. He considered listings 12.04, 12.06, 12.08, and 12.09 and found that Plaintiff did not meet or equal any of the listings. Tr. 186. He addressed the B Criteria and ranked Plaintiff as mild in terms of activities of daily living, moderate in terms of social functioning, and moderate in terms of concentration, persistence, and pace and there were no episodes of prolonged decompensation. Tr. 186-87. In terms of a residual functional capacity opinion, Dr. Rubin opined that Plaintiff had a mild limitation with simple instructions and a moderate limitation in complex instructions. Tr. 188. He opined marked difficulties with the public, moderate difficulties with supervisors, and moderate difficulties with peers. *Id.* Upon cross-

---

[2]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION - 7

examination, Dr. Rubin testified that production-paced work would not be a good situation for Plaintiff. Tr. 190. He also estimated that based on Plaintiff's mental health concerns he would more probably be absent from work two days a month. *Id*.

The ALJ gave "great weight to most of the opinions of Dr. Rubin," but then gave no weight to the opinion that Plaintiff would miss one or two days a month. Tr. 102. The ALJ rejected this portion of the opinion because the medical evidence did not show consistent psychological symptomology, examining sources noted only mild psychological symptoms, and Plaintiff remained independent in performing activities of daily living. *Id*.

Plaintiff argues that in rejecting this portion of Dr. Rubin's opinion the ALJ failed to consider "that Plaintiff was in therapy and on medications for years and that he and his youngest daughter lived with his mother until her death and that he required help from his oldest daughter not only while he was living with his mother, but after his mother expired." ECF No. 13 at 16. However, Plaintiff's allegations are premised on his symptom statements. Tr. 174-75 (Plaintiff's testimony that prior to therapy he did not leave his home, and that he experienced improvement in the last two years, but he still took his daughter with him.). As addressed above, Plaintiff failed to mount a proper challenge to the ALJ's treatment of his symptom statements. The only citation to the record Plaintiff provided in support of his argument was a January 5, 2017 counseling record that post-dates the ALJ's decision.[3] ECF No. 13 at 16 *citing* Tr. 88. Therefore, Plaintiff's argument cannot prevail.

---

[3]While this new evidence has been made a part of the administrative record, it does not pertain to Plaintiff's condition during the relevant period and, therefore, could not change the outcome of the proceedings below. As such, remand for review by the ALJ is not required. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th

Plaintiff failed to specifically address the individual reasons the ALJ provided for rejecting the absenteeism portion of the opinion. ECF No. 13 at 16. Therefore, the Court is not required to address the issue more in depth. *See Carmickle*, 533 F.3d at 1161 n.2.

**3.  Step Five**

Plaintiff raised a challenge to the ALJ's step five determination in the list of issues preceding the discussion section of his briefing. ECF No. 13 at 9. However, Plaintiff failed to provide any challenge in the body of his briefing. ECF No. 13. Therefore, the Court will not address this issue. *See Carmickle*, 533 F.3d at 1161 n.2.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED April 22, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

---

Cir. 2001) (remand not required if new evidence would not change hearing decision).